**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9          IN THE UNITED STATES DISTRICT COURT
10         FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                  SAN JOSE DIVISION
12   Marathon Coach, Inc.,                          NO. C 05-00748 JW
13              Plaintiff,                   **ORDER GRANTING**
                                            **MARATHON'S MOTION TO**
        v.                                  **DISMISS COUNTERCLAIMS**
14
15   Phase Four Industries, Inc., et al.,
16              Defendants.
     _____/
17

## I.  INTRODUCTION

18          Marathon Coach, Inc. ("Marathon" or "Plaintiff") filed a patent infringement action against Phase

19   Four Industries, Inc. ("Phase Four"), and Monaco, Inc. ("Monaco") (collectively "Defendants"), in

20   November 2004.  Currently before this Court is Marathon's Motion to Dismiss Defendants' Counterclaims

21   for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules

22   of Civil Procedure.  This Court deemed Plaintiff's motion submitted pursuant to Civil Local Rule 7-1(b).

23   Based on the briefs filed to date, this Court GRANTS Plaintiff's Motion to Dismiss Counterclaims.

## II.  BACKGROUND

25          Marathon is an Oregon corporation with its principal place of business in Coburg, Oregon.

26   Marathon is involved in the business of producing  hand built, high-end RV's from the chassis up. Marathon

27   is the owner-by-assignment of the U.S. Patent No. 6,607,009 (hereinafter '009), entitled "Sewage

28   Systems for Vehicles."  The patent was issued on August 19, 2003.  Phase Four is a California corporation

with its principal place of business in Hollister, California.  Phase Four is also involved in the RV industry.  In October 2002, Phase Four filed a provisional application for an automatic sewer hose.   Monaco is an Oregon corporation with its principal place of business in Oregon.  Monaco is a developer and manufacturer of RVs.  Pursuant to a business relationship with Phase Four, Monaco purchases RV parts from Phase Four and incorporates them into its RVs.

This case essentially involves the technology development of the RV waste disposal system.  RV waste disposal is typically done manually, through the manipulation of valves and a sewer hose.  The user must manually connect a sewer hose from the RV to a sewer receptacle.   After the waste has been emptied from the RV, the hose is manually disconnected and stored within the RV.  This process is generally thought to be an unpleasant experience.  Both Marathon and Phase Four have developed and claim inventorship to automated waste disposal systems that use a pre-attached sewer hose that extends and retracts without the need for manual manipulation of the hose.

Marathon contends that Defendants manufacture, use, sell and or offer to sell the "Waste Master" sewage system, which infringes on Marathon's '009 patent.  On October 29, 2004, Marathon sent a "cease and desist" letter to Monaco.  The letter informed Monaco that the "Waste Master" product infringed on Marathon's patents and requested an accounting of sales.  In late November 2004, Marathon filed a patent infringement suit against Defendants in the District Court in Oregon.  The lawsuit was later transferred to the Northern District of California and is currently before this Court.     Defendants have filed separate counterclaims against Marathon's infringement claims.  Specifically, Phase Four's counterclaims include (1) intentional interference with business relationships, (2) intentional interference with existing contractual relations, (3) intentional interference with prospective contractual relations, (4) defamation, and (5) libel.  Monaco has asserted only one counterclaim for intentional interference with business relationship against Marathon.  Marathon now moves to dismiss all of Defendants' counterclaims pursuant to Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).

Anticipating that Marathon would sue it for patent infringement, on November 11, 2004, Phase Four filed a preemptive action against Marathon in the Northern District of California, seeking a declaratory judgment that it does not infringe the '009 patent and that the '009 patent is invalid.  (See C 04-4801-JW.)  Two of the bases for claimed invalidity urged by Phase Four are priority of inventorship and derivation.  On October 20,

2

2005, this Court granted Marathon's Motion for Partial Summary Judgment as to the affirmative defenses of invalidity based on priority of inventorship and derivation and orders these affirmative defenses dismissed. (See C 04-4801-JW, Docket Item No. 65.)

### III. STANDARDS

**A.   Dismissal under Rule 12(b)(6)**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  A claim may be dismissed as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984).  "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  In determining the propriety of a FED. R. CIV. P. 12(b)(6) dismissal, a court may not look beyond the complaint. Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint").  A court may dismiss a case without leave to amend if the Plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**B.   Choice of Law**

Title 28 U.S.C. § 1404(a) permits a party to a litigation to request transfer of any civil action to any other district court or division where it might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court has, however, held that a transfer of venue under § 1404(a) should effect only a change of court and not a change of law. Van Dusen v. Barrack, 376 U.S. 612 (1964). Thus, the transferee court should apply the law that the transferor court would have applied if the case had not been transferred. Hence, this Court will apply the law that the Oregon court would have applied, had the case not been transferred to California.

**United States District Court**
For the Northern District of California

# IV.  DISCUSSION

As a preliminary matter, the Court finds that Marathon, the owner of the '009 Patent, has a statutory right to enforce its patent by contacting possible infringers and advising them of possible infringement suits.  A patentee who has a good faith belief that its patents are being infringed violates no protected right when it notifies infringers.  <u>Mallinckrodt, Inc. V. Mediapart, Inc.</u>, 976 F.2d 700, 709 (Fed. Cir. 1992).  Patents would be of little value if infringers of them could not be notified of the consequences of infringement or proceeded against in the courts.  <u>Id</u>.  Marathon is the owner of the U.S. Patent No. 6,607,009 (the '009 Patent), describing a novel automatic sewer hose for RVs.  As the owner of this Patent, Marathon is granted a statutory presumption of validity and therefore has the right to enforce its Patent.  35 U.S.C. § 282.  The federal circuit has held that "threatening alleged infringers with suit" is contained within a patent owner's right to enforce his patent.  <u>Concrete Unlimited, Inc. V. Cementcraft, Inc.</u>, 776 F.2d 1537, 1539 (Fed. Cir. 1985).  Thus, Marathon clearly had a right to send an infringement letter to Monaco, informing them of a possible lawsuit.  The letter was sent from the law firm of Chernoff, Vilhauer, McClung & Stenzel, LLP, and addressed to Mr. John Nepute, President, CEO of Monaco.  The letter reads, in pertinent parts:

> We represent Marathon Coach, Inc., in its intellectual property mattes.   It has come to our attention that Monaco Coach equips its coaches with Waste Master products from PhaseFour Industries.  The Waste Master product infringes U.S. Patent No. 6,607,009, assigned to Marathon Coach.  Accordingly, your resale of this product constitutes patent infringement.

> We note that PhaseFour Industries owns two pending patent applications concerning the Waste Master.  These applications do not shield PhaseFour from infringement.  Marathon's patent predates PhaseFour's applications.   We fully anticipate that the pending PhaseFour applications will be rejected by the U.S. Patent Office because of Marathon's issued patent.

(<u>See</u> Docket Item No. 21.)

Nonetheless, Defendants contend that Marathon had no absolute right to send the letter because Marathon lacked a "good faith belief" that Defendants infringed the '009 patent.   "Federal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the claimant can show that the patent holder acted in bad faith." <u>Concrete Unlimited, Inc.</u>, 776 F.2d 1539.  While the Federal Rules of Civil Procedure merely requires notice pleading, Defendants have not pled sufficient facts the support a claim of bad faith apart from a general conclusory statement that Marathon acted in bad faith.  However, even if the Court were to give Defendants leave to amend their allegation of bad faith, as discussed below,

1  any claims arising out of the letter sent to Monaco are barred because the letter falls within the litigation

2  privilege.

3  **A.**     **Marathon's letter to Monaco falls within the litigation privilege and therefore all the**

4          **counterclaims arising from this communication are barred.**

5          Defendants' Counterclaims arise out of the single letter Marathon sent to Monaco upon learning of

6  Monaco's sales of the "Waste Master," advising them of possible infringement suits. Marathon contends

7  that all of Defendants' counterclaims are barred by the California litigation privilege.  Under California Civil

8  Code section 47(b), any publication made in a judicial proceeding is privileged.  Cal. Civ. Code section

9  47(b).  The privilege is absolute and applies to any communication (1) made in a judicial or quasi judicial

10  proceeding, (2) by litigants or other participants authorized by law, (3) to achieve the objects of litigation,

11  (4) and which has some connection or logical relation to the action.  Visto Corp. V. Sproqit Tech., Inc.,

12  360 F.Supp.2d 1064 (N. D. Cal. 2005).  Marathon contends that since the letter was sent 20 days before

13  litigation, the letter bears a logical relationship to the litigation and is therefore privileged.

14          Defendants contend that since the case was transferred from Oregon to California, Oregon law

15  should apply.  Although Oregon does not have a counterpart to California Civil Code section 47(b),

16  Oregon law treats as privileged all communications made as part of a judicial proceeding.  Schmitz v. Mars,

17  Inc., 261 F.Supp.2d 1226, 1230-31 (D. Or. 2003)  The court in Schmitz held that "The law recognizes the

18  absolute privilege accorded a party in a judicial proceeding when the communications are in the institution

19  of or during the course and as a part of a judicial proceeding in which the party participates, if the matter

20  has some relation thereto."  Id.   Communications made "preliminary to" but "related to" a proposed judicial

21  proceeding have also been afforded such absolute privilege.  Ramstead v. Morgan, 347 P.2d 594, 594

22  (Or. 1959).

23          Marathon's letter of October 29, 2004, to Monaco simply stated that the "Waste-Master" product

24  infringed Marathon's patent and requested an accounting of sales.  It further suggested that the parties try to

25  avoid litigation by working something out.  (Motion at 2:24.)  On November 19, 2004, twenty days after

26  sending the letter, Marathon actually filed an infringement suit against the  Defendants.  This Court finds that

27  Marathon's letter is related to the infringement suit and constitutes "communication that is either in the

28  institution of or during the course and as a part of a judicial proceeding."  Schmitz, 261 F. Supp. 2d 1226

**United States District Court**
For the Northern District of California

(D. Or. 2003).  Therefore, Marathon's letter to Monaco is protected under the litigation privilege and the Defendants are barred from asserting any counterclaims based on the letter.

**B.**     **Defendants' Counterclaims for intentional interference with business relationship are without merit because Marathon did not engage in any independent wrongful conduct.**

Even if the letter to Monaco is not protected as litigation privilege, Defendants' Counterclaims for intentional interference with business relationship are without merit because Marathon did not engage in any independent wrongful conduct.  In order to state a claim for intentional interference with business relationship under Oregon law, claimant must establish: (1) contract or reasonable expectancy of economic advantage, (2) knowledge of such contract or expectance, (3) intentional interference with contract or expectancy, (4) improper means or motive wrongful by some measure beyond fact of interference itself, and (5) damage as a result.  Fuller Bros., Inc. V. International Marketing, Inc., 858 F. Supp. 142 (D. Or. 1994); Visto Corp. V. Sproqit Tech., Inc., 360 F. Supp.2d 1064 (N. D. Cal. 2005).   Under both Oregon and California law, "wrongful interference" or "wrongful conduct" must be pled as a separate threshold element to allow for a recovery.  Thompson v. Tel. & Data Sys. Inc., 881 P.2d 819, 826 (Or. App. 1994); Visto, 360 F. Supp.2d 1064 (N. D. Cal. 2005).  The pleading must specifically identify an independent wrongful act beyond the intentional interference in the business relationship.  Id.

Defendants do not meet the "wrongful conduct" threshold for a claim of intentional interference with business relations.  Defendants' claim of intentional interference is based solely on the infringement letter Marathon sent to Monaco.  This is the only "wrongful conduct" alleged by the Defendants.  (Opp'n. at 5, 6.)  The law requires a "wrongful conduct" independent of the interference itself.  Since the alleged interference is caused by the letter and Defendants do not plead any other "wrongful conduct", the threshold for independent "wrongful conduct" is not met.

Defendants contend that Marathon's letter to Monaco is defamatory and defamation constitutes independent wrongful conduct.  (Opp'n. at 6.)  Defendants rely on Visto, where the court held that the independent wrongful conduct requirement of a claim for intentional interference with business relations is fulfilled, at-least in theory, when defamation is alleged.  Visto Corp, 360 F. Supp.2d 1064 (N. D. Cal. 2005).  Visto relies on multiple California cases where defamation is commonly construed as an independently wrongful conduct in an intentional interference with business relationship claim.

1     While an allegation of defamation may be sufficient to make an intentional interference with business

2   relationship claim, Defendants have failed to allege facts sufficient to maintain a defamation action.  The tort

3   of defamation consists of the publication of a false and defamatory statement that is communicated to a third

4   party.  Brown v. Gatti, 99 P.3d 299, 305-06 (Or. App. 2004).  A statement is not published unless a third

5   party, independent of the parties to the lawsuit, heard or saw the defamatory statement.  Id.  To be

6   defamatory, a statement must damage the targeted party's reputation, goodwill, respect, or the like.  Id.  In

7   this case, there is no publication.  Although Marathon's letter was sent to Monaco, it was not published

8   because Monaco is the sole recipient of the letter and is a party to the current litigation.  Monaco's

9   incorporation of Phase Four's "Waste-Master,"  which is the alleged infringing product, into its RVs creates

10   a potential claim of contributory infringement.  Since Defendants have failed to identify a non-party to the

11   litigation to whom the letter was sent, Defendants' claims for defamation are dismissed.

12                                                   **V.  CONCLUSION**

13     For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Dismiss Counterclaims

14   with prejudice as all of Defendants' Counterclaims arise out of a single letter Marathon sent to Monaco and

15   that letter falls within the litigation privilege.

16     The parties shall appear at the case management conference scheduled for October 31, 2005.

17

18   Dated: October 24, 2005                              ___/s/ James Ware_____
                                                          JAMES WARE
19                                                        United States District Judge

20

21

22

23

24

25

26

27

28

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Heimlich alanheimlich@heimlichlaw.com
Brenna Legaard brenna@chernofflaw.com
William O. Geny bill@chernofflaw.com

Connie L. Speck
Arnold Gallagher Saydack Percell Roberts & Potter
Suite 800
800 Willamette Street
Eugene, OR 97401

**Dated: October 24, 2005**                    **Richard W. Wieking, Clerk**

                                                **By: /s/ JW Chambers**
                                                **Ronald L. Davis**
                                                **Courtroom Deputy**

*United States District Court*
For the Northern District of California